# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **TORY HORR**<br><br>   **Plaintiff,**<br><br>**v.**<br><br>**BAMD, INC.,**<br>**AS OWNER OF F/V SEA RAMBLER**<br><br>   **Defendant.** | Case No.:<br><br>In Admiralty |

## COMPLAINT AND DEMAND FOR JURY TRIAL

  Now comes the Plaintiff in the above-captioned matter and for his Complaint states:

## PARTIES

1. Plaintiff Tory Horr (hereinafter referred to as "Plaintiff" and/or "Mr. Horr") is an individual who resides at 45 Doughty Landing Lane, Long Island, Maine 04050.

2. Upon information and belief, Defendant BAMD, INC. (hereinafter referred to as "BAMD") is a Maine for profit domestic corporation with its clerk being a person named Twain Braden, P.O. Box 4630, Portland, Maine, 04112-4630, and its president being a person named Bartley W. McNeel of 83 Chase Hill drive, Westbrook, Maine, 04092, which and at all times hereafter referred to, owned, operated and/or controlled the fishing vessel SEA RAMBLER, which did and continues to do business in the state of Maine.

**JURISDICTION**

3. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly known as the Jones Act, 46 U.S.C. §30104.

4. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1333.

5. This Court has personal jurisdiction over Defendant BAMD because it has at all relevant times this domestic corporation conducted its business within the District of Maine.

6. This action is being brought against BAMD pursuant to the Merchant Marine Act of 1920, commonly known as the Jones Act, 46 U.S.C. and this Court has concurrent jurisdiction with federal district courts to adjudicate admiralty claims under the "savings to suitors clause" of 28 U.S.C. section 1331(1).

**VENUE**

7. Venue is proper in this county because the incident occurred in waters offshore of Maine.

**STATEMENT OF FACTS**

8. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

9. Mr. Horr worked as a commercial fisherman aboard the commercial fishing vessel F/V SEA RAMBLER, owned and operated by BAMD. At all times relevant thereto, Mr. Horr was employed as a commercial fisherman on the F/V SEA RAMBLER.

10. On or about February 3, 2022, while the F/V SEA RAMBLER was in navigable waters and while Plaintiff was in the exercise of due care and in the performance of his duties as a seaman, Mr. Horr sustained a severe and painful traumatic injury.

11. Specifically, Mr. Horr was on the deck of the vessel preparing to set out the "door" of the fishing net of the vessel after it had hauled back and dumped the fish. This piece of marine equipment is large, heavy, and controlled in its operation by the ship's managing employees including the captain and first mate and senior crew so delegated to that task by the managing employees.

12. Mr. Horr removed the safety chain affixed to the door. After this action was performed, the operator allowed this door to move suddenly in the wrong direction for safe and proper handling, which the operator either knew or should have known, would have been likely cause injury to Mr. Horr at that moment, given that the safety chain had just been removed.

13. The door was moved in an inboard direction, rather than an outboard direction, and this action by the operator was unsafe, and caused the vessel to be unseaworthy.

14. The operator at the time had maneuvered the controls to bring the door inboard instead of outboard.  In addition, this operator had to lift the door up initially as it was laying on the chain, but lifted it too high, and then wrongfully and erroneously caused the door to move inboard, which caused the injury to Mr. Horr as described below.

15. The wrongful and erroneous action of the operator, was exacerbated by the unseaworthiness of the handling of the ship in observable wave action that also had an effect upon the door's striking Mr. Horr as further described below.

16. Wave action is an easily visible and observable common maritime condition that must be taken into account in the safe operation of heavy marine equipment.

17. In this case the wave action was not taken properly into account by the operator, and the resulting wave action upon the ship during the time that the door was being improperly handled by the operator, negligently added to the force of the door striking Mr. Horr.

18. As a result of the improper and negligent handling of the controls of the fishing equipment aboard the F/V Sea Rambler, the door struck Mr. Horr on the right arm with great force, pinning and crushing his arm against the gallast frame.

19. Mr. Horr suffered severe injuries to his right arm and hand, and was in such excruciating pain that he was air lifted by the United States Coast Guard and flown to Massachusetts General Hospital Emergency Department.

20. As a result of his injuries, suffered as a direct result of negligence and unseaworthiness of the vessel and on the part of the vessel's employee, Mr. Horr is physically unfit for employment as a commercial fisherman and has sustained substantial damage as a result thereof.

21. As a direct result of his injuries, Mr. Horr suffered mental and emotional injuries. These injuries were suffered as a result of the Defendant's negligence as set forth more fully below.

## COUNT I: JONES ACT NEGLIGENCE
### (TORY HORR V. BAMD, INC.)

22. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

23. BAMD, Inc. owed a duty to Plaintiff to, among other things, provide a reasonably safe place to work and/or to use reasonable care in the performance of the actions of conducting fishing aboard the vessel and/or in operating the machinery of the vessel in such a manner as to avoid injury to the seaman working on the vessel.

24. BAMD, Inc. breached this duty to Plaintiff, which in turn caused him to suffer injuries.

25. More specifically, personal injuries sustained by Plaintiff were not caused by any fault on his part but were caused by the negligence of BAMD, Inc. and its agents, servants and/or employees as follows:

   Failing to provide Plaintiff a reasonably safe place in which to work;

**WHEREFORE,** Plaintiff demands judgment against Defendant BAMD, Inc. for all recoverable compensatory damages to fully and fairly compensate him for his injuries and damages, in addition to court costs, pre- and post-judgment interest, attorneys' fees, and such other relief as the Court deems just.

## COUNT II: GENERAL MARITIME LAW - UNSEAWORTHINESS
### (TORY HORR V. BAMD, INC.)

26. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

27. BAMD, Inc. owed a duty to Plaintiff to, among other things, provide a reasonably safe place to work.

28. BAMD, Inc. breached this duty to Plaintiff, which in turn caused him to suffer injuries.

29. More specifically, personal injuries sustained by Plaintiff were due to no fault of his, but were caused by the unseaworthiness of the F/V SEA RAMBLER.

30. As a result of said injuries, Plaintiff sustained severe crush injuries to his right arm and hand for which he received immediate surgery.

31. As a result of said injuries, Plaintiff has suffered pain of body and anguish of his mind, incurred medical expenses and likely to incur future medical expenses, and has sustained and will continue to sustain other damages that will be shown at trial.

32. As a further result of said injuries, Plaintiff has lost a considerable amount in wages from his employment and Plaintiff's power and capacity to work and earn money in the future have been disabled.

33. Plaintiff claims damages in the amount to be shown by evidence at trial for his injuries; for his mental and physical pain and suffering, past, present and future; past loss of earnings; loss of earning capacity and for his expenses of medical treatment.

34. The cause of action is brought under the General Maritime Law for Unseaworthiness.

**WHEREFORE,** Plaintiff demands judgment against Defendant BAMD, Inc. for all recoverable compensatory damages to fully and fairly compensate him for his injuries and damages, in addition to court costs, pre – and post-judgment interest, attorneys' fees, and such other relief as the Court deems just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

> Respectfully submitted,
> Plaintiff, Tory Horr
> By his attorneys,
>
> /s/ Michael B. Flynn
>
> Michael B. Flynn, Esq. BBO No. 559023
> mflynn@flynnwirkus.com
> Flynn | Wirkus P.C.
> 350 Granite Street, Suite 1024
> Braintree, MA 02184
> P: (617) 773 5500
> F: (617) 773 5510
>
> /s/ Kathleen A. Reagan
>
> Kathleen A. Reagan, Esq. BBO No. 549108
> kreagan@flynnwirkus.com
> Flynn | Wirkus P.C.
> 350 Granite Street, Suite 1024
> Braintree, MA 02184
> P: (617) 773 5500
> F: (617) 773 5510
>
>
> /s/ Peter J. Cyr
> Peter J. Cyr Bar ID 9037
> Law Offices of Peter J. Cyr
> 85 Brackett Street
> Portland, Maine 04102
> 207-828-5900
> peter@peterjcyrlaw.com

Dated: July 1, 2023